IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SEVILLE AT BELLMAR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:20-cv-616-X-BN |
| | § | |
| ALLISON SHERELL THOMAS and | § | |
| SATCHER MATTHEW, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Defendants Allison Sherell Thomas and Satcher Matthew, proceeding *pro se*, removed to this Court a civil action arising out of an eviction proceeding brought in state court in Dallas County by Plaintiff Seville at Bellmar. *See* Dkt. No. 3.

Their case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Brantley Starr.

After reviewing the Notice of Removal [Dkt. No. 3], in which Defendants assert that the Court has jurisdiction over this matter based on a federal question, a violation of "the 'Civil Rights Act of 1968' ...." *id.* at 3, the undersigned *sua sponte* questioned whether removal is proper, *see Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) (federal courts have independent duty to examine their own subject matter jurisdiction), and entered an order requiring Defendants (1) to file by April 13, 2020 a written response supported by evidence or facts to establish that federal question jurisdiction exists, including a copy of all process, pleadings, and

orders served on Defendants in the state court action or (2) if Defendants cannot provide any such evidence or facts, to file by April 13, 2020, a written response advising the Court whether Defendants will agree that the case should be remanded to state court. *See* Dkt. No. 5.

While Defendants failed to file either response, Plaintiff moved to remand this action to state court on March 24, 2020, asserting that there is no subject matter jurisdiction and that the removal was procedurally defective under the so-called "forum-defendant rule." *See generally* Dkt. No. 6. Plaintiff also requested $750 in attorneys' fees under 28 U.S.C. § 1447(c). *See id.*, ¶¶ 21-23.

Defendants also failed to file a court-ordered response to this motion, and the deadline by which to do so has passed. *See* Dkt. No. 7.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should grant the motion to remand, remand this action to the Dallas County Justice Court from which it was removed, and award Plaintiff its costs and actual expenses, including reasonable attorneys' fees, under Section 1447(c) – the amount of which to be awarded being an issue the Court may determine after remand.

**Legal Standards and Analysis**

I.  Removal and Remand

A defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a). The federal courts' jurisdiction is limited, and federal courts generally may

only hear a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. "As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003).

The removing party bears the burden of establishing jurisdiction. *See Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001). "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir. 1983)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Federal question jurisdiction under Section 1331 "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)). "A civil action filed in a state court may be removed to federal court if the claim is one 'arising under' federal law," and, "[t]o determine whether the claim arises under federal law, we examine the 'well pleaded' allegations of the complaint and ignore potential defenses: [A] suit arises under the Constitution and laws of the United

States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Anderson*, 539 U.S. at 6 (citation and internal quotation marks omitted).

To support removal on this basis, a defendant "must locate the basis of federal jurisdiction in those allegations necessary to support the plaintiff's claim." *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995). "A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (quoting *Carpenter*, 44 F.3d at 366).

A defense or counterclaim, even if it is based in federal law or raises a disputed question of federal law, will not support federal question jurisdiction for purposes of removal. *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Nor can federal question jurisdiction rest upon an actual or anticipated counterclaim.").[1] Rather, "[w]hen an action is brought to federal court through the § 1441 mechanism, for both removal and original jurisdiction, the federal question must be presented by

---

[1] *See also id.* at 62 ("Under our precedent construing § 1331 ..., counterclaims, even if they rely exclusively on federal substantive law, do not qualify a case for federal-court cognizance."); *Jefferson Cnty., Ala. v. Acker*, 527 U.S. 423, 430-31 (1999) ("To remove a case as one falling within federal-question jurisdiction, the federal question ordinarily must appear on the face of a properly pleaded complaint; an anticipated or actual federal defense generally does not qualify a case for removal."); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) ("Thus, it is now settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue."); *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002) ("A defense that raises a federal question is insufficient.").

plaintiff's complaint as it stands at the time the petition for removal is filed and the case seeks entry into the federal system. It is insufficient that a federal question has been raised as a matter of defense or as a counterclaim." *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 326-27 (5th Cir. 1998) (internal quotation marks omitted). Thus, "there is generally no federal jurisdiction if the plaintiff properly pleads only a state law cause of action." *MSOF Corp.*, 295 F.3d at 490.

When a plaintiff's pleadings set forth only state law claims, a federal district court has federal question jurisdiction to entertain the action only if "(1) the state law claims necessarily raise a federal issue or (2) the state law claims are completely preempted by federal law." *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008).[2]

In the Notice of Removal, Defendants do not allege, much less show, that Plaintiff raised any federal law causes of action or any substantial, disputed question or issue of federal law in its foreclosure action or that any state law claims are completely preempted by federal law. As a result, Defendants have not established jurisdiction under Section 1331. *See, e.g., Stump v. Potts*, 322 F. App'x 379, 380 (5th Cir. 2009) (per curiam) ("The complaint filed in the state court was a simple suit to evict arising under state law. The complaint provided no basis for federal question

---

[2] *See also Anderson*, 539 U.S. at 8 ("[A] state claim may be removed to federal court in only two circumstances – when Congress expressly so provides ... or when a federal statute wholly displaces the state-law cause of action through complete pre-emption." (citation omitted)); *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 680 (5th Cir. 2001) ("[T]o support removal, the defendant must show that a federal right is an essential element of the plaintiff's cause of action.").

jurisdiction. The fact that Potts brought up possible federal question claims in her answer and counterclaim cannot be considered in determining the existence of removal jurisdiction. Therefore, the district court lacked jurisdiction to allow the removal of the action." (citations omitted)).[3]

And, to the extent that diversity jurisdiction may exist, Defendants' removal was procedurally defective. An action may not be removed by any defendant, properly joined and served, who is a citizen of the state where the plaintiff filed suit, *see* 28 U.S.C. § 1441(b)(2) – a defect Plaintiff raised in the motion to remand, *see In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 391 (5th Cir. 2009) (removal of case in violation of "forum-defendant rule" is defective).[4]

---

[3] *Cf. Fed. Nat'l Mortg. Ass'n v. Elliott*, No. 3:10-cv-1321-L, 2010 WL 4627833, at *3 (N.D. Tex. Nov. 16, 2010) ("Forcible detainer actions do not meet [the well-pleaded complaint rule's] standard. Plaintiff's Complaint is simply one to evict Defendants and obtain physical possession of the Property under state law. The Complaint raises no federal claim or issue and provides no basis for federal question jurisdiction. The proper court for a forcible detainer action under Texas law is '[a] justice court in the precinct in which the real property is located....' TEX. PROP. CODE ANN. § 24.004 (Vernon 2000). Because the Complaint does not raise a federal issue and no state law claim has been completely preempted by federal law, this court lacks subject matter jurisdiction on this basis to entertain this action."); *U.S. Bank Nat'l Ass'n v. McAfee*, No. 4:12-cv-804-A, 2013 WL 48500, at *1-*2 (N.D. Tex. Jan. 3, 2013) (remanding forcible detainer action under similar circumstances); *Wells Fargo Bank v. Matts*, No. 3:12-cv-4565-L, 2012 WL 6208493, at *4-*5 (N.D. Tex. Dec. 13, 2012) (same).

[4] *See also Sigler v. Caliber Home Loans, Inc.*, No. SA-16-CV-717-XR, 2017 WL 74756, at *3 (W.D. Tex. Jan. 5, 2017) ("'[T]he fact that removal is contrary to the technical requirements of § 1441(a) or § 1446(b) has no effect on subject matter jurisdiction. Congress recognized cases would be removed in contravention of the removal statutes but imposed a thirty-day period in § 1447(c) for seeking remand on non-jurisdictional grounds.'" (quoting *Green Tree Fin. Corp. v. Arndt*, 72 F. Supp. 2d 1278, 1284 (D. Kan. 1999); original brackets omitted)).

The Court should therefore grant the motion to remand.

II.   Costs and Expenses

Asserting that Defendants' removal "lacked an 'objectively reasonable basis,'" Dkt. No. 6, ¶ 21 (citation omitted), Plaintiff seeks its costs and expenses, including attorneys' fees, under 28 U.S.C. § 1447(c), which in part provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal," *id.*; *see* Dkt. No. 6, ¶¶ 21-23.

The "decision to grant or deny attorneys' fees under Section 1447(c) is discretionary." *Western Healthcare, LLC v. Nat'l Fire & Marine Ins. Co.*, No. 3:16-cv-565-L, 2016 WL 7735761, at *2 (N.D. Tex. Dec. 28, 2016) (citing *Admiral Ins. Co. v. Abshire*, 574 F.2d 267, 280 (5th Cir. 2009)), *rec. accepted*, 2017 WL 118864 (N.D. Tex. Jan. 12, 2017). And the standard for awarding fees under Section 1447(c) "turns on the reasonableness of the removal." *Id.*

Under this standard, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal [at the time removal was sought.] Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citing *Hornbuckle v. State Farm Lloyds*, 358 F.3d 538, 541 (5th Cir. 2004); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000)). And "[i]t is not necessary to show that a removing defendant acted in bad faith or other ulterior motive to award attorneys' fees under Section

1447(c)." *Western Healthcare*, 2016 WL 7735761, at *2 (citation omitted).

That Defendants are proceeding *pro se* does not excuse their removal of this action and their refusal to concede to remand once the Court notified them that it was likely that subject matter jurisdiction was lacking (or respond *at all* to the Court's initial order or the motion for remand). Their objectively unreasonable removal to this Court has needlessly perpetuated this litigation, forcing Plaintiff to incur additional – and unnecessary – legal fees.

While the Court should award Plaintiff its costs and actual expenses, including the attorneys' fees, associated with the removal of this action, Plaintiff has yet to provide the Court an affidavit from its attorney outlining those costs and expenses. But, if the Court accepts the undersigned's recommendation to grant the motion to remand and award costs and expenses under Section 1447(c), it should remand this action and then refer the costs-and-expenses issue to the undersigned for determination or recommendation. *See Coward v. AC & S, Inc.*, 91 F. App'x 919, 921-22 (5th Cir. 2004) (per curiam) (holding "that a district court is not divested of jurisdiction to award attorney fees and costs pursuant to § 1447(c) after a remand has been certified" (citing *Cooter v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990); citations omitted)).

**Recommendation**

The Court should grant the motion to remand filed by Plaintiff Seville at Bellmar [Dkt. No. 6], remand this action to the Dallas County Justice Court from which it was removed, and award Plaintiff its costs and actual expenses, including

reasonable attorneys' fees, under Section 1447(c) – the amount of which to be awarded being an issue the Court retains jurisdiction over (and should be referred to the undersigned for determination or recommendation) after remand

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 17, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE