IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SEVILLE AT BELLMAR, § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | No. 3:20-cv-616-X-BN |
| § | |
| ALLISON SHERELL THOMAS and § | |
| SATCHER MATTHEW, § | |
| § | |
| Defendants. § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Defendants Allison Sherell Thomas and Satcher Matthew, proceeding *pro se*, removed this state court action arising out of an eviction proceeding brought against them by Plaintiff Seville at Bellmar. *See* Dkt. No. 3.

United States District Judge Brantley Starr referred the removed action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Upon a review of the notice of removal, the undersigned entered an order questioning whether there was federal subject matter jurisdiction but allowing Defendants leave to respond. *See* Dkt. No. 5. Plaintiff then moved to remand this action and requested $750 in attorneys' fees under 28 U.S.C. § 1447(c). *See* Dkt. No. 6. Defendants responded to neither the Court's order nor the motion to remand.

The Court remanded this case to state court and determined that Plaintiff is entitled to costs and actual expenses, including reasonable attorneys' fees, under 28 U.S.C. § 1447(c), referring "the amount to be awarded to [Plaintiff to] United States

Magistrate Judge David L. Horan for determination or recommendation." Dkt. No. 10; *see also* Dkt. Nos. 8 & 9; *Seville at Bellmar v. Thomas*, No. 3:20-cv-616-X-BN, 2020 WL 6551273, at *4 (N.D. Tex. June 17, 2020) ("While the Court should award Plaintiff its costs and actual expenses, including the attorneys' fees, associated with the removal of this action, Plaintiff has yet to provide the Court an affidavit from its attorney outlining those costs and expenses."), *rec. accepted*, 2020 WL 6547649 (N.D. Tex. Nov. 6, 2020).

The undersigned therefore ordered Plaintiff to file a properly supported request for costs and actual expenses, including attorneys' fees, under Section 1447(c) by May 24, 2021. *See* Dkt. No. 11. And, because no request was filed, the undersigned now enters these findings of fact, conclusions of law, and recommendation that the Court should deny Plaintiff's request for attorneys' fees under Section 1447(c).

"[A] motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to de novo review." *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016). Out of an abundance of caution, a request under 28 U.S.C. § 1447(c) for "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal" should likewise be treated as dispositive, just as a post-judgment motion for attorneys' fees under Federal Rule of Civil Procedure 54(d)(2) must be. *See* FED. R. CIV. P. 54(d)(2)(D) ("Also, the court may refer issues concerning the value of services to a special master under Rule 53 without regard to the limitations of Rule 53(a)(1), and may refer a motion for attorney's fees to a magistrate judge under Rule 72(b) as

if it were a dispositive pretrial matter.”).

Under the statute, “a party may only recover attorneys’ fees ‘incurred as a result of the removal.’” *Western Healthcare, LLC v. Nat’l Fire & Marine Ins. Co.*, No. 3:16-cv-565-L, 2016 WL 7735761, at *2 (N.D. Tex. Dec. 28, 2016) (quoting 28 U.S.C. § 1447(c)), *rec. accepted*, 2017 WL 118864 (N.D. Tex. Jan. 12, 2017).

To determine those fees “incurred as a result of the removal,” “[t]his Court uses the ‘lodestar’ method,” *id.* at *3 (quoting *Heidtman v. Cty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999); citations omitted), which it calculates by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate – the market rate in the community for this work, *see Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012).

And to do this, the Court requires evidence. That is, the party seeking reimbursement of attorneys’ fees bears the burden to “produce satisfactory evidence – in addition to the attorney’s own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation,” *Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984), as well as to establish the number of hours expended through the presentation of adequately recorded time records as evidence, *see Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). And movants seeking attorneys’ fees are “charged with the burden of showing the reasonableness of the hours billed and, therefore, are also charged with proving that they exercised billing judgment,” which “requires documentation of the hours charged and of the hours written off as unproductive,

excessive, or redundant." *Saizan v. Delta Concrete Prods., Inc.*, 448 F.3d 795, 799 (5th Cir. 2006) (footnotes omitted).

Absent a request for costs and actual expenses, including attorneys' fees, under Section 1447(c) that Plaintiff supports with evidence to allow the Court to determine that the attorneys' fees requested were reasonably "incurred as a result of the removal," the Court cannot award Plaintiff the $750 in attorneys' fees that it requested in the motion to remand.

## Recommendation

The Court should deny Plaintiff Seville at Bellmar's request for $750 in attorneys' fees under 28 U.S.C. § 1447(c).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: September 8, 2021

 

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE